IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GENOA NATIONAL BANK,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV438 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **RONALD V. ODETTE and** | ) | |
| **RONALD V. ODETTE FAMILY** | ) | |
| **LIMITED PARTNERSHIP,** | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on the motion of Robert A. Martin and Kenneth W. Wasserman of Norton, Wasserman, Jones & Kelly, L.L.C., to withdraw as counsel for the defendant Ronald V. Odette Family Limited Partnership (Filing No. 38). The movants state they seek withdrawal "for professional reasons and at the specific request of their client." **See** Filing No. 38. Moving counsel served their client with the pending motion. *Id.* The court notes no substitute counsel has yet appeared in this matter for the defendant Ronald V. Odette Family Limited Partnership.

    Parties who are not natural persons may not appear pro se. *Rowland v. California Men's Colony*, 506 U.S. 194, 203 (1993). Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202. "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C. § 1654] is that they must be represented by licensed counsel." *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 476 (E.D. Tex. 1975); **see** *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); **see also** *DCR*

*Fund I, LLC v. TS Family Ltd. Partnership*, 261 Fed. Appx. 139 (10th Cir. 2008); *First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207, 1207 (N.D. Ill. 1983) (partnership must be represented by attorney admitted to practice).  In fact, according to the Eighth Circuit, a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.  *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

As an initial matter, Ronald V. Odette Family Limited Partnership shall have an opportunity to respond to the motion to withdraw.  If Ronald V. Odette Family Limited Partnership fails to respond or obtains substitute counsel, the court will grant the motion to withdraw.  In the event the motion to withdraw is granted, failure to have substitute counsel enter an appearance may result in an order striking the answer.  **See** Fed. R. Civ. P. 55.  However, counsel shall not be given leave to withdraw as attorneys for Ronald V. Odette Family Limited Partnership until substitute counsel has entered an appearance or other order of the court.  Accordingly,

**IT IS ORDERED:**

1. Robert A. Martin and Kenneth W. Wasserman of Norton, Wasserman, Jones & Kelly, L.L.C.'s motion to withdraw as counsel for the defendant Ronald V. Odette Family Limited Partnership (Filing No. 38) is held in abeyance until June 28, 2011.

2. The defendant Ronald V. Odette Family Limited Partnership shall have until **on or before June 28, 2011**, to file a response to the motion to withdraw with the Clerk of Court.  If no response is received or if substitute counsel has entered an appearance by that date, the motion to withdraw will be granted.

3. Moving counsel shall immediately serve a copy of this order on the defendant Ronald V. Odette Family Limited Partnership and file a certificate of service therefore.

DATED this 27th day of May, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge