IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GENOA NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV438 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RONALD V. ODETTE and | ) | |
| RONALD V. ODETTE FAMILY | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motion of Robert A. Martin and Kenneth W. Wasserman of Norton, Wasserman, Jones & Kelly, L.L.C. to withdraw as counsel for the defendant Ronald V. Odette Family Limited Partnership (Filing No. 38). The movants state they seek withdrawal "for professional reasons and at the specific request of their client." **See** Filing No. 38. Moving counsel served their client with the pending motion. *Id.* On May 27, 2011, the court entered an order giving the defendant Ronald V. Odette Family Limited Partnership time to respond to the motion or obtain substitute counsel. The court notes no substitute counsel has yet appeared in this matter for the defendant Ronald V. Odette Family Limited Partnership.

Parties who are not natural persons may not appear pro se. *Rowland v. California Men's Colony*, 506 U.S. 194, 203 (1993). Moreover, courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Id.* at 202. "Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of [28 U.S.C. § 1654] is that they must be represented by licensed counsel." *Turner v. American Bar Ass'n*, 407 F. Supp. 451, 476 (E.D Tex 1975); **see** *Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court

through an attorney and not through a non-attorney corporate officer appearing pro se"); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991); **see also** *DCR Fund I, LLC v. TS Family Ltd. Partnership*, 261 Fed. Appx. 139 (10th Cir. 2008); *First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207, 1207 (N.D. Ill. 1983) (partnership must be represented by attorney admitted to practice). In fact, according to the Eighth Circuit, a corporation or other business entity is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

Moreover, "[n]ormally, representative parties such as next friends may not conduct litigation pro se; pleadings may be brought before the court only by parties or their attorney." *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010). Motions filed by an individual on behalf of another under these circumstances may be "utterly without legal significance." **See** *id.* Nevertheless, an individual has the right to represent himself in all federal courts of the United States is contained in 28 U.S.C. § 1654, which states: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "Section 1654 is intended to provide individuals with equal access to the courts by permitting individuals to represent themselves." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). This privilege does not extend to other parties or entities. *Id.* Accordingly, as a pro se litigant, Ronald V. Odette may not pursue relief in more than his individual capacity.

Under the circumstances, the court concludes good cause exists for allowing Robert A. Martin and Kenneth W. Wasserman of Norton, Wasserman, Jones & Kelly, L.L.C. to withdraw as attorneys for the defendant Ronald V. Odette Family Limited Partnership. **See** NEGenR 1.3(f). Ronald V. Odette Family Limited Partnership had an opportunity to respond to the motion to withdraw, but failed to do so. Accordingly, the court will grant the motion to withdraw. Failure to have substitute counsel enter an appearance must result in an order striking the answer. **See** Fed. R. Civ. P. 55. Therefore, default is appropriate based on the defendant corporation's failure to obtain counsel.

Additionally, the plaintiff filed a motion to compel discovery from the defendant Ronald V. Odette Family Limited Partnership (Filing No. 41).  In the motion to compel, the plaintiff asserts that counsel's leave to withdraw should be conditioned on the defendant Ronald V. Odette Family Limited Partnership first responding to overdue discovery requests.  Because the motion to withdraw was based on "professional reasons and at the specific request of their client," the court will not require withdrawing counsel and the defendant to complete the requested discovery.  Accordingly,

**IT IS ORDERED:**

1.    Robert A. Martin and Kenneth W. Wasserman of Norton, Wasserman, Jones & Kelly, L.L.C.'s motion to withdraw as counsel for the defendant Ronald V. Odette Family Limited Partnership (Filing No. 38) is granted.

2.    Since the defendant Ronald V. Odette Family Limited Partnership failed to have substitute counsel enter an appearance, the Clerk of Court shall strike the answer of the defendant Ronald V. Odette Family Limited Partnership and enter default against Ronald V. Odette Family Limited Partnership.  The entry of default will be set aside, upon written motion, if substitute counsel enters a written appearance on behalf of such defendant prior to entry of default judgment.

3.    The plaintiff's Motion to Compel (Filing No. 41) is denied.

4.    Withdrawing counsel shall immediately serve a copy of this order on the defendant Ronald V. Odette Family Limited Partnership and file a certificate of service therefore.

DATED this 1st day of July, 2011.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge