IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GENOA NATIONAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV438 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RONALD V. ODETTE and | ) | |
| RONALD V. ODETTE FAMILY | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on various documents filed by the defendant Ronald V. Odette. On June 30, 2011, Mr. Odette filed (1) a document titled "Defendant's answer to Plaintiff's index for partial summary judgment and summary judgment" (Filing No. 47); (2) a letter dated July 21, 2011, requesting additional time (Filing No. 48); and (3) a document titled "May 2010 agreement reached on settlement" bearing the dates July 9, 2010, and July 21, 2011 (Filing No. 49). The court will address the letter requesting additional time below. The court will consider the remaining two documents filed on June 30, 2011, with the plaintiff's motion for partial summary judgment (Filing No. 29).

    In the letter dated July 21, 2011 states, in its entirety:

> I have just come out of surgery on 20th of June and am still hospitalized. Give me a little time and I will be back on my feet. I will not lay down to Wick and Cann lying. Give me 30 days and we can settle this man to man with two liars.

**See** Filing No. 48.

    This request for additional time does not indicate for what Mr. Odette seeks additional time. Although on the date of filing he apparently filed documents in opposition to the plaintiff's motion for partial summary judgment (Filing No. 29), he had responded to the plaintiff's motion in May. Furthermore, the plaintiff's motion has been fully briefed and is awaiting the court's determination. Moreover, the case progression order does not contain any imminent deadlines for Mr. Odette. Finally, there was a motion to compel (Filing No. 41) filed by the plaintiff, however the motion was to compel discovery from the

defendant Ronald V. Odette Family Limited Partnership. Mr. Odette need not, and if fact, cannot respond on behalf of the defendant Ronald V. Odette Family Limited Partnership. See *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (Motions or documents filed by a non-attorney individual on behalf of another person or entity may be "utterly without legal significance."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

Additionally, the defendant, even if proceeding without counsel, is "bound by and must comply with all local and federal procedural rules." See NEGenR 1.3(g). The local rules may be found on the court's website at www.ned.uscourts.gov/localrules/. Under the rules, a party must state the basis for a motion with the specific relief requested. NECivR 7.0.1(a). In addition, all documents filed must clearly show the case caption, a description of designation of the document's content, and the correct case number. NECivR 10.1(a)(3). Under the circumstances, the court cannot determine what, if any, relief Mr. Odette seeks in the letter request. Accordingly, the request is denied.

**IT IS ORDERED:**

1. Ronald V. Odette's request for an extension of time (Filing No. 48) is denied.

2. The Clerk of Court shall mail a copy of this order to the defendants at their last known addresses found in the record.

DATED this 1st day of July, 2011.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge