IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GENOA NATIONAL BANK, ) | |
| ) | 8:10CV438 |
| Plaintiff, ) | |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| RONALD V. ODETTE and ) | |
| RONALD V. ODETTE FAMILY ) | |
| LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's "Application for Attorney's Fees and Expenses," Filing No. 76. For the following reasons, the plaintiff's application will be granted in part.

**I. BACKGROUND**

Plaintiff Genoa National Bank (GNB) filed a four-count complaint against Defendants Ronald V. Odette (Odette) and the Ronald V. Odette Family Limited Partnership (Odette Family LP). *See* Filing No. 1. After noting that GNB had failed to establish that the parties were citizens of different states, the court ordered GNB to show cause why its complaint should not be dismissed for lack of subject matter jurisdiction. *See* Filing No. 57. GNB obtained leave to take Odette's deposition in order to establish his state of citizenship, *see* Filing Nos. 58, 62, but Odette failed to appear, *see* Filing Nos. 65, 66. GNB then prepared a response to the show cause order without the benefit of deposing Odette, *see* Filing Nos. 67, 68, and moved for sanctions under Federal Rule of Civil Procedure 37, *see* Filing No. 65. After carefully considering GNB's motion for sanctions, the court determined "that an award of 'reasonable expenses, including

attorney's fees,'" would be appropriate, and it invited GNB to apply for such an award. Mem. & Order at 4, Filing No. 69 (quoting Fed. R. Civ. P. 37(d)(3)). On February 9, 2012, GNB submitted an application for an award of $3,627.50 in attorney's fees and $183.23 in expenses. See Filing Nos. 76, 77. Odette has not responded to the application, though he has had ample opportunity to do so.

## II. DISCUSSION

### A. Law

Federal Rule of Civil Procedure 37(d) states that if a party fails to appear for his deposition after being served with proper notice, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Thus, the rule "authorizes an award encompassing 'all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly.'" *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1012 (8th Cir. 1993) (quoting *In re Stauffer Seeds, Inc.*, 817 F.2d 47, 50 (8th Cir. 1987)). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 643 (1976)).

### B. Analysis

The court finds that GNB is not entitled to recover the entire award requested in its application.

First, the court must deny GNB's requests to recover the fees of paralegal Sandi L. Armstrong, who performed 2.1 hours of work at an hourly rate of $125 (for a total of $262.50), and the fees of attorney Donald L. Swanson, who performed 0.3 hours of work at an hourly rate of $290 (for a total of $87). *See* Pl.'s Evid. Index, Ex. 1-A at 1-3, Filing No. 77-1. GNB has failed to "identify the status and background" of these people with sufficient detail to allow the court to determine whether the hourly rates are reasonable. *See* NECivR 54.4(a)(2).[1] Thus, the award will be reduced by $349.50.

Next, and more problematically, GNB's fee application includes a number of requests for expenses that were not "caused by" Odette's failure to attend the deposition, and are therefore not recoverable. For example, GNB would have incurred expenses preparing for and attending Odette's scheduled deposition even if Odette had appeared. *See* Pl.'s Evid. Index, Ex. 1-A at 1, Filing No. 77-1. *See also Makohoniuk v. Central Credit Services, Inc.*, No. 4:09-cv-00185, 2010 WL 3633862, at *1-2 (S.D. Iowa Sept. 8, 2010) (explaining that expenses and fees for deposition preparation and travel could not be included in Rule 37(d) award because they were not caused by the plaintiff's failure to appear). Also, it appears that GNB seeks to recover *all* of the expenses associated with the preparation of its response to the show cause order, even though Odette's appearance at the deposition would not have fully eliminated the need to file that response.

The court turns first to the issues of deposition preparation and attendance. The fee application includes only one entry that concerns these matters. *See* Pl.'s Evid. Index, Ex. 1-A at 1, Filing No. 77-1. The entry is compound, however; it also lists time spent

---

[1] James F. Cann's qualifications and experience are described in his affidavit, *see* Pl.'s Evid. Index, Ex. 1, Cann Aff. ¶ 7, Filing No. 77-1, and the court finds that his hourly rate of $220 is reasonable.

"mak[ing] a record of no-show appearance." *Id.* Although the court finds that GNB should be able to recover the expenses it incurred making a record of Odette's failure to appear, *see* [Makohoniuk, 2010 WL 3633862](), at *2, the court cannot separate the amount of time spent on this task from that spent on deposition preparation and attendance. As a result, the entire entry will be stricken, and the fee award will be reduced by $176.

The majority of the remaining entries listed in the "attorney's fees" portion of the application concern the preparation of the motion for sanctions, the preparation of the response to the show cause order, and specific tasks that are likely associated with the latter, *see, e.g.*, Pl.'s Evid. Index, Ex. 1-A at 1, [Filing No. 77-1]() (listing the task "Review voter registration data."). The court finds that GNB is entitled to recover the expenses incurred preparing the motion for sanctions; however, each one of the entries that involves work on the motion for sanctions is compounded with tasks associated with the response to the show cause order. *See* Pl.'s Evid. Index, Ex. 1-A at 1-3, [Filing No. 77-1]() (entries dated 12/14/11, 12/28/11, 12/29/11, and 12/30/11). Because the court cannot disentangle the entries, all of them will be considered jointly (with the exception of the 2/07/12 entry concerning the preparation of the application for attorney's fees).[2]

It is impossible to know with any degree of certainty whether Odette's participation in the deposition would have reduced the amount of work that GNB was required to devote to the preparation of the show cause order. If Odette's testimony established that he was an Oklahoma citizen at the time of the filing of the complaint, GNB's burden would have

---

[2] GNB requests a total fee of $440 for the preparation of the application for attorney's fees and expenses. *See* Pl.'s Evid. Index, Ex. 1-A at 3, [Filing No. 77-1](). This request is reasonable, and it will be granted.

been greatly eased. If Odette testified otherwise, however, it is likely that GNB would have been unable to avoid devoting significant work to the citizenship question.[3] In the interests of judicial economy, and in order to best promote the letter and spirit of Rule 37, the court will reduce by half each of the entries that, in its judgment, relate to the preparation of the response to the show cause order (and have not already been stricken). This results in a $1,331 reduction.[4]

One final set of adjustments remain to be made. GNB's expense itemization includes a $3 charge for a "Driving Record" from the Nebraska Department of Motor Vehicles. *See* Pl.'s Evid. Index, Ex. 1-A at 3, Filing No. 77-1. The expense is dated 12/07/11, which predates Odette's failure to appear at his deposition on December 14, 2011. Thus, it cannot be said that this expense was caused by Odette's failure to appear, and the award must be reduced by $3. Of the remaining expenses, the court reporter's fee is fully recoverable. *See Makohoniuk*, 2010 WL 3633862, at *2 ("Costs and fees associated with making a record at the aborted deposition, including the costs of the court reporter . . . are recoverable."). The others are not clearly related to any particular task, however, and therefore the court will reduce each of them by half. This results in a further reduction of $27.62

In summary, the court finds that GNB's request for $3,810.73 must be reduced by $1,887.12, which results in an award of $1,923.61. As Odette is not represented by counsel, he is personally responsible for paying the award. Accordingly,

---

[3] The court notes in passing that Odette continues to make representations that he is not an Oklahoma citizen. *See generally* Filing No. 75.

[4] This total was calculated as follows: ($616 + $44 + $594 + $44 + $44 + $968 + $242 + $110) / 2.

5

IT IS ORDERED that GNB's Application for Attorney's Fees and Expenses, Filing No. 76, is granted in part, and GNB is entitled to an award of attorney's fees and expenses against Odette in the total amount of $1,923.61.

DATED this 30th day of March, 2012.

BY THE COURT:


s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.